UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KERRI RILEY,<br><br>　　　　　Defendant. | Case No. 21-cv-09347-JSC<br><br>**ORDER RE: TIME FOR SERVICE**<br><br>Re: Dkt. No. 17 |

Plaintiff is proceeding in this matter without representation by a lawyer. He filed his complaint on December 2, 2021; he paid the required filing fee on January 1, 2022; and the Clerk issued the summons on January 3, 2022. (Dkt. Nos. 1, 9, 11.) Plaintiff then filed a motion that the Court construed as a motion to enlarge time for service of the summons and complaint upon Defendant. (Dkt. No. 12.) The Court denied the motion because Plaintiff did not establish "good cause" under Federal Rule of Civil Procedure 4(m) for the failure to timely serve. (Dkt. No. 13.)

Plaintiff has now filed a second motion to enlarge the time for service. (Dkt. No. 17.) He requests an extension "until after April 12th, 2022, [p]erhaps mid June," "[b]ecause a host of recent developments are commanding more attention in the short term . . . creating a need for more runway for time, resources and fees associated with Service of Process." (*Id.* at 2.) This request is too vague to establish "good cause." Plaintiff has not explained the particular circumstances or reasons why an extension is appropriate, especially given that the deadline for service has not yet passed. *See Efaw v. Williams*, 473 F.3d 1038, 1040–41 (9th Cir. 2007) (explaining that Rule 4(m) requires the court to grant an extension if the plaintiff shows good cause, and permits the court to grant an extension in its discretion even if the plaintiff does not show good cause).

The Court also notes that Plaintiff filed 8 other suits in this district in the past year. *Austin*

*v. Internal Revenue Service*, No. 4:21-cv-02637-HSG (filed Apr. 9, 2021, dismissed Feb. 9, 2022); *Austin v. United States Postal Service*, No. 4:21-cv-03108-SBA (filed Apr. 27, 2021, dismissed Dec. 3, 2021); *Austin v. Kemper Corporation (Insurance)*, No. 3:21-cv-03208-SI (filed Apr. 29, 2021, dismissed Dec. 15, 2021); *Austin v. San Joaquin Superior Court*, No. 4:21-cv-05225-JSW (filed July 6, 2021); *Austin v. State Bar*, No. 4:21-cv-06794-JST (filed Aug. 31, 2021); *Austin v. ABC Legal*, No. 3:21-cv-09076-SI (filed Nov. 22, 2021); *Austin v. Lyft, Inc.*, No. 3:21-cv-09345-MMC (filed Dec. 2, 2021); *Austin v. One Legal LLC*, No. 3:22-cv-00360-LB (filed Jan. 18, 2022). Plaintiff filed *Lyft* the same day as this suit, and filed *One Legal* after this Court had ordered Plaintiff to timely serve Defendant in this suit. (Dkt. No. 13.)

Accordingly, Plaintiff's motion is DENIED. He shall serve the summons and complaint on Defendant on or before **March 2, 2022**.

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: February 23, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2